IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TUCKER, and LUCILLE MORAGNE, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>BLOCK, INC.,<br><br>   Defendant. | Case No. 25-cv-00370-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; AFFORDING PLAINTIFFS LEAVE TO AMEND** |

  Before the Court is defendant Block, Inc.'s ("Block") Motion, filed April 21, 2025, "to Dismiss Plaintiffs' Complaint." Plaintiffs David Tucker ("Tucker") and Lucille Moragne ("Moragne") have filed opposition, to which Block has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND[2]

  Plaintiff Moragne "came across an ad for Ultimate Partners Investment ('UPI') on TikTok and Facebook promising vast returns from a crypto venture" (see Compl. ¶ 46), and plaintiff Tucker "found UPI through Telegram" (see Compl. ¶ 47). Plaintiffs contacted UPI, who told them "investments needed to be made via bitcoin" and that plaintiffs needed "to create Cash App accounts so that their cash could be converted into bitcoin,"

---

[1] By prior order, the Court took the matter under submission.

[2] The following facts are taken from the Complaint and, for purposes of the instant motion, assumed to be true.

(see Compl. ¶ 50).[3]  After plaintiffs had "loaded their Cash App accounts with bitcoin," they were "direct[ed]" to "send" the bitcoin to "$Cashtag" accounts under the names of "$DaysiBaez527" and "$Amelia4357."  (See Compl. ¶ 52.)

At some point after Moragne "invested" with UPI, she requested a "withdrawal," but was told by UPI she "needed to pay a tax of $3,500 before she could withdraw any money."  (See Compl. ¶ 54.)  After she "refused" and engaged in "some back and forth" with UPI, "she realized she had been scammed."  (See id.)  In total, Moragne lost "approximately $3,200."  (See id.)  "Around the same time," when Tucker attempted to withdraw funds, UPI told him he needed to pay "a tax and fee," and he thereafter paid "close to $6,000."  (See Compl. ¶ 55.)  When UPI then "requested more money," Tucker "realized he had been scammed."  (See id.)  In total, Tucker lost "close to $20,000."  (Id.)

According to plaintiffs, Block should be held liable for plaintiffs' losses, for the asserted reason that Block "fail[ed] to implement reasonable customer verification and suspicious activity reporting procedures," which procedures, plaintiffs assert, are required by "the Bank Secrecy Act" and "state law equivalents," such as "the California Money Transmission Act."  (See Compl. ¶¶ 71-73; see also Compl. ¶¶ 81, 94.)

Based on the above allegations, plaintiffs bring, on their own behalf and on behalf of a putative class, three "Counts," titled, respectively, "Violation of California's Unfair Competition Law ('UCL')" (Count I), "Negligence" (Count II), and "Unjust Enrichment" (Count III).

**DISCUSSION**

Block argues the Complaint lacks facts to establish plaintiffs' standing under Article III, namely, facts to show "a causal connection between the injury and the conduct complained of."  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).[4]

---

[3] Plaintiffs allege that "Cash App" is "a leading digital payment app" (see Compl. ¶ 1), which app plaintiffs appear to allege is, in some manner, owned by Block (see Compl. ¶ 11) (alleging "Cash App Investing" is a "subsidiary" of Block).

[4] The other two "elements" to establish the "case-or-controversy requirement of Article III" are that the plaintiff "suffered an injury in fact" and that it is "likely, as opposed

Although the Complaint, as noted above, provides some information to suggest, at least in part, plaintiffs' general theory as to a causal connection between plaintiffs' loss of funds and Block's conduct, namely, that Block failed to comply, in some manner, with a requirement or requirements set forth in the Bank Secrecy Act and/or in the California Money Transmission Act" (see Compl. ¶¶ 71-73), the Complaint fails to include the particular statutory provision(s) on which they rely, let alone facts to support a finding that a violation of any of those provisions occurred. Rather, the Complaint, when referring to an asserted failure by Block to comply with the cited statutes, consists of wholly conclusory assertions. (See, e.g., Compl. ¶ 52 (alleging "$Cashtags" to whom plaintiffs transferred bitcoin "would have failed legally compliant customer verification protocols" or, "[a]lternatively, legally compliant reporting procedures would have required that Cash App flag these accounts on several occasions").) Consequently, plaintiffs have failed to plead facts sufficient to establish a causal link between any alleged violation and the alleged thefts.

Although plaintiffs suggest the matter can be addressed during discovery (see Pls.' Opp. at 9:19-20), "facts" are required at the initial stage of the proceedings, see Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (holding where "case is at the pleading stage," plaintiff "must clearly allege facts demonstrating each element [of Article III]") (internal quotation, citation, and alteration omitted).

Accordingly, plaintiffs having failed to allege facts to establish a causal connection between plaintiffs' financial losses and a failure or failures on the part of Block to comply with the Bank Secrecy Act and/or the California Money Transmission Act, the Complaint is subject to dismissal.[5] The Court will, however, afford plaintiffs leave to amend to cure,

---

to merely speculative, that the injury will be redressed by a favorable decision." See id. at 560-61 (internal quotations and citations omitted). Block does not argue said two elements are insufficiently pleaded.

[5] In light of this finding, the Court does not address herein the other arguments made by Block in support of dismissal.

3

if they can do so, the above-described deficiency, as well as to include, if they wish to do so, any additional factual allegations in response to Block's other arguments.

## CONCLUSION

For the reasons stated, Block's motion to dismiss is hereby GRANTED, and the Complaint is hereby DISMISSED, with leave to amend.

Should plaintiffs elect to file a First Amended Complaint, plaintiffs shall do so no later than January 16, 2026.

**IT IS SO ORDERED.**

Dated: December 15, 2025

MAXINE M. CHESNEY
United States District Judge